# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 10, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| PAMELA HALBROOK, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1572V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Decision Dismissing Claim; |
| AND HUMAN SERVICES, | * | Influenza (Flu); Optic Neuritis; |
| | * | Non-Arteritic Anterior Ischemic Optic |
| Respondent. | * | Neuropathy. |
| * * * * * * * * * * * * | * | |

*Kathleen M. Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for petitioner.
*Ronalda E. Kosh*, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On October 9, 2019, Pamela Halbrook ("petitioner"), filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioners alleged that she developed optic neuritis as a result of her receipt of an influenza /(flu) vaccination on October 24, 2016. *Id.* The information in the record, does not establish entitlement to compensation.

On December 10, 2020, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 24). Petitioner understands that a decision dismissing her petition will result in a judgment against her. *Id.* at ¶ 4. She has been advised that such a judgment will end all of her rights in the Vaccine Program. *Id.* Petitioner understands that she may apply for fees and costs once her case is dismissed and judgment is

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

entered against her. *Id.* at ¶ 5. Petitioner's counsel has contacted respondent's counsel regarding respondent's position on this motion and understands that respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs. *Id.* Respondent otherwise does not oppose this motion. *Id.* Petitioner does intend to protect her rights to file a civil action in the future. *Id.* at ¶ 6. Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action. *Id.*

To receive compensation in the Vaccine Program, a petitioner has the burden of proving either: (1) a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) an injury that was caused-in-fact by a covered vaccine. 42 U.S.C. §§ 300aa-13(a)(1)(A); 11(c)(1). Here, an examination of the record does not contain persuasive evidence that petitioner suffered a "Table Injury". Thus, petitioner is limited to alleging causation-in-fact. The record does not contain persuasive evidence that petitioner's injury was caused in fact or in any way related to the vaccine which she received.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).